IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TOMMY SIMMONS**                                              **PETITIONER**

v.                                                                   No. 4:08cr66-MPM

**UNITED STATES OF AMERICA**                          **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Tommy Simmons to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The government has responded to the motion, and the matter is ripe for resolution.

**Facts and Procedural Posture**

On February 27, 2008, law enforcement officers received information that drugs were being sold out of Room 159 of the Best Western hotel in Greenville, Mississippi. ECF doc. 85, pg. 14. The hotel room was placed under surveillance and officers witnessed Petitioner Simmons arrive at the room in a rental car. *Id*. Shortly thereafter, Simmons sped out of the Best Western parking lot. *Id*. Law enforcement initiated a traffic stop, but Simmons fled. *Id*. Simmons led police on a high speed chase through Greenville, during which he violated multiple traffic laws and intentionally rammed a Greenville Police Department vehicle. *Id*. at 15. Simmons eventually parked the car and attempted to flee on foot. *Id*. While running from officers, Simmons dropped a Smith and Wesson 9 mm pistol. *Id*. A search of Simmons' rental car revealed approximately 1 kilogram of cocaine, 4 bags of marijuana, and 2 marijuana cigarettes. *Id*. The substance recovered was positively identified as marijuana by the crime lab. *Id*. Further, the ATF verified that Simmons' pistol had entered Mississippi through interstate commerce. *Id*.

On May 27, 2008, Petitioner Simmons was indicted for possession of marijuana with intent to distribute (Count I), possession of a firearm during a drug trafficking crime (Count II), and possession of a firearm by a convicted felon (Count III). ECF doc. 1. On May 15, 2009, Simmons pleaded guilty to Counts I and III of the indictment. ECF doc. 71. At his change of plea hearing, Simmons admitted that he had committed the crimes to which was pleading guilty. ECF dc. 85 at 16.

At Simmons' sentencing hearing, the pre-sentence report was adopted without objection. ECF doc. 78, pg. 3 and 9. Simmons accepted full responsibility for his crimes. *Id*. at 3. The Court sentenced Simmons to a total term of 120 months, consisting of 60 months on Count I and 120 months on Count III, to run concurrently. ECF doc. 77. The Court recognized that this sentence was above the advisory guideline range, although the sentences were within the statutory maximums. ECF doc. 78, pg. 9. The Court stated the reasons for the departure from the guidelines, noting Simmons had a prior criminal history including a conviction for murder at the age of 14 and, "[a]s an adult, you have convictions for DUI; non-return of rental property, which started out as robbery; possession of narcotics, controlled substances; possession of PCP for sale; false identification to a police officer; sale of articles with the identification removed; disturbing the peace; possession of narcotics; possession of a firearm by a felon in 1995," in addition to pending charges and numerous arrests. *Id*. at 10. As such, the Court found that the sentence imposed was warranted pursuant to 18 U.S.C.A. §3553. *Id*. Simmons appealed to the Fifth Circuit, which affirmed Simmons' conviction and sentence. ECF doc. 86.

On November 3, 2014, Simmons filed a motion for a sentence reduction pursuant to 18 U.S.C.A. §3582(c)(2). ECF doc. 91. The Court denied Simmons' motion noting that Simmons had been sentenced to the applicable statutory maximums based on:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

ECF doc. 94. The Court further stated that Simmons' continued participation in illegal activities warranted the imposition of the maximum sentences and no reduction was warranted in this case. *Id*. On July 20, 2015, Simmons filed a motion to vacate, set aside, or correct his sentence. ECF doc. 95.

According to the Bureau of Prisons website, Simmons was released from federal custody on November 10, 2016. However, Simmons remains on post-release supervision, with the jurisdiction for his probation transferred to the District of Nevada. ECF doc. 102. As such, Simmons' remains subject to the collateral consequences of his conviction and sentence and his current claim remains ripe for review. *See Lane v. Williams*, 455 U.S. 624 (1982)(a §2254 case holding that a habeas petition will be moot when the sentence and any term of probation has fully expired.)

**Scope of §2255 Review**

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992).  The scope of relief under § 2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

3

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

### Simmons' §2255 Claims

In the instant §2255 motion, Simmons makes the following claim for relief, which the court has restated for clarity:

Ground One: Simmons' criminal history score should be reduced because one of his prior state court convictions was subsequently changed from a felony to a misdemeanor.

For the reasons discussed herein, Simmons' allegation is without merit.

Simmons complains that his sentence should be reduced because one of the prior state court convictions used to calculate his criminal history score was later changed from a felony to a misdemeanor. Simmons argues that his criminal history score should be reduced by two (2)

points as a result and his sentence should likewise be decreased. However, Simmons' allegation lacks merit.

Simmons' pre-sentence report detailed his lengthy criminal history.[1] The following prior convictions were listed, without charging Simmons any criminal history points:

(1) A conviction for murder in a California juvenile court at the age of 14.

(2) A conviction for DUI in the Superior Court of Los Angeles, California.

(3) A conviction for the non-return of rental property in the Superior Court of Monrovia, California, which was pled down from charges of robbery and forgery of a credit card.

(4) A conviction for a charge of the possession of narcotics in the Superior Court of Pasadena, California.

(5) A conviction for false identification to a peace officer and being a felon in possession of a firearm in the Municipal Court of Fresno, California.

(6) A conviction for fighting in a public place in the Superior Court of Pomona, California.

(7) A conviction for the possession of narcotics with intent to sell in the Superior Court of Pasadena, California.

(8) A conviction for the sale of articles with the identification removed in the Superior Court of West Covina, California.

(9) A conviction for disturbing the peace in the Superior Court of West Covina, California.

(10) A conviction for driving with a suspended license in the Municipal Court of Pasadena, California.

(11) A conviction for the possession of a firearm by a convicted felon in the Superior Court of Los Angeles, California.

Simmons was charged points for the following convictions:

(1) A conviction for the possession (Count I) and sale (Count II) of PCP and possession of cocaine (Count III) in Cause No. A568232 of the Superior Court of Los Angeles

---

[1] Simmons' pre-sentence report was not filed on the docket in this case.

California and sentence of five (5) years. Simmons was charged three (3) points for this prior conviction pursuant to §4A1.1(a).

(2) A conviction for possession of narcotics in Cause No. KA019207 in the Superior Court of Pomona, California and a sentence of three (3) years. Simmons was charged three (3) points for this prior conviction pursuant to §4A1.1(a).

As such, Simmons received a total criminal history score of 6.

Simmons asserts that one of his prior convictions, the 1995 conviction for possession of narcotics in Cause No. KA019207, was later designated a misdemeanor in compliance with a change in California law. ECF doc. 95-2. However, the California state court order provided by Simmons does not alter the sentence imposed as a result of Simmons' conviction. Further, the order deeming the conviction a misdemeanor was signed on June 6, 2015, well after Simmons was properly sentenced in this case. As such, at the time Simmons was charged in this case, his prior conviction was properly considered a felony.

More importantly, as noted above, Simmons was charged three (3) points for this prior conviction pursuant to §4A1.1(a). That section provides that three (3) points are to be added for "each prior sentence of imprisonment exceeding one year and one month." Simmons was sentenced to a term of three (3) years in Cause No. KA019207. Therefore, regardless of whether that conviction is currently designated as a felony or a misdemeanor under California law, it still serves to add three (3) points to Simmons' criminal history score. In addition, in Simmons' case, this Court specifically chose to deviate from the Guidelines and impose the statutory maximum sentence on both counts in light of Simmons' extensive criminal history. As such, the guideline range, which was determined by using Simmons' criminal history and other scores, did not ultimately affect Simmons' sentence.

## Conclusion

As discussed above, Simmons' claim in Ground One lacks merit, and the instant motion to vacate, set aside, or correct Tommy Simmons' sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 5th day of December, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**